NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7071

ROBERT C. LAITY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Robert C. Laity, of Tonawanda, New York, pro se.

Richard P. Schroeder, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Franklin E. White, Jr., Assistant Director. Of counsel on the brief was Ethan G. Kalett, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2008-7071

ROBERT C. LAITY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-2739, Judge William A. Moorman.

_____

DECIDED: June 9, 2008

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Appellant Robert C. Laity ("Laity") appeals the judgment of the Court of Appeals for Veterans Claims ("Veterans Court"), Laity v. Nicholson, No. 05-2739 (Vet. App. Aug. 27, 2007). Laity argues that the Veterans Court erred in affirming the determination of the Board of Veterans Appeals ("Board") that he had not established service connection for post-traumatic stress disorder ("PTSD") and a cardiac condition including mitral valve prolapse syndrome ("MVPS"). Because Laity's arguments rest on factual determinations outside this court's subject matter jurisdiction, we dismiss the appeal.

BACKGROUND

Laity served on active duty in the United States Navy between August 1971 and October 1974. Laity filed two claims that are at issue in this appeal, a claim for service

connection for PTSD and a claim for service connection for MVPS. In December 2004, the Board sustained Department of Veterans Affairs Regional Office ("RO") decisions rejecting these claims.

Laity appealed to the Veterans Court. In an opinion dated August 27, 2007, the Veterans Court affirmed the Board's denial of service connection for PTSD and MVPS. A single judge of the Veterans Court held that the Board had not erred in denying service connection because Laity had not provided medical evidence of the existence of the claimed conditions or their connection to his service, and explained that Laity's lay testimony that he suffered from a cardiac condition and from PTSD was not sufficient under Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Laity moved for a decision by the full Veterans Court, but this motion was denied. Final judgment was entered on January 7, 2008. Laity timely appealed.

DISCUSSION

We have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

With respect to MVPS, the Board found that there was no competent evidence of service connection, and the Veterans Court concluded that this determination was not clearly erroneous. On appeal, Laity urges that the Department of Veterans Affairs ("VA") should have provided him with a cardiac sonogram to diagnose MVPS and

should have obtained a private medical record that he argues establishes a diagnosis of MVPS. However, there is no indication that a sonogram could assist in determining service connection, and Laity admitted before the Veterans Court that the private medical records he urges should have been obtained do not include evidence of service connection. Laity also argues that he suffers from MVPS, and that because MVPS is a congenital condition, he must also have suffered from MVPS during service (and may also assert that the condition was aggravated in service). It is unclear how the assertion that MVPS is congenital could assist Laity in demonstrating service connection. In any event, the question of whether there was evidence of service connection is a question of fact beyond our jurisdiction. See 38 U.S.C. § 7292(d)(2). Similarly, it appears that Laity's challenges to the PTSD determination are based on alleged factual errors, which are beyond our jurisdiction.

Laity asserts in his reply brief that the Board and the Veterans Court failed to apply 38 U.S.C. § 5107(b), which requires the VA to "consider all information and lay and medical evidence of record" and "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter" to "give the benefit of the doubt to the claimant" as to that issue. Because the Veterans Court and the Board both concluded that there was no competent evidence to establish that Laity suffers from either PTSD or MVPS, section 5107(b) is not implicated and cannot serve as a basis for our jurisdiction. Also, we note that Laity does not take issue with the Board's view that medical evidence was required under the circumstances of this case. See Jandreau, 492 F.3d at 1377 n.4 ("Sometimes the [testimony of a] layperson will be competent to identify [a medical] condition where the

condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer.")

This appeal is <u>dismissed</u> for lack of subject matter jurisdiction.

No costs.